STATE, Respondent, v. DAIRYLAND POWER COOPERATIVE, Appellant.

*No. 353. Argued June 2, 1971.—Decided June 25, 1971.*
(Also reported in 187 N. W. 2d 878.)

46

48

For the appellant there was a brief by *Wheeler, Van Sickle, Day & Anderson* of Madison, and oral argument by *Floyd E. Wheeler.*

For the respondent the cause was argued by *Theodore L. Priebe,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *Arvid A. Sather,* deputy attorney general, and *Priscilla MacDougall,* assistant attorney general.

A brief amicus curiae was filed by *Eugene O. Gehl* of Madison, for the Wisconsin Power & Light Company.

A brief amicus curiae was filed by *Prosser, Wiedabach, Koppa, Lane & Quale* of Milwaukee, for the Wisconsin Electric Power Company.

HANLEY, J. Three issues are presented on appeal:

(1) Has sec. 280.02, Stats., been repealed by implication;

(2) Does either the exhaustion of remedies rule or the primary jurisdiction rule deprive the circuit court of jurisdiction to hear the merits of the matter; and

(3) Does the complaint state facts sufficient to constitute a cause of action?

*Repeal by implication.*

Sec. 280.02, Stats., provides as follows:

**"Injunction against public nuisance, time extension.** An action to enjoin a public nuisance may be commenced and prosecuted in the name of the state, either by the attorney general on information obtained by the department of justice, or upon the relation of a private individual, or a county, having first obtained leave therefor from the court. An action to enjoin a public nuisance may be commenced and prosecuted by a city, village or town in its own name, and it is not necessary to obtain leave from the court to commence or prosecute such action. The same rule as to liability for costs shall govern as in other actions brought by the state. No stay of any order or judgment enjoining or abating, in any action under this section, may be had unless the appeal be taken within 5 days after notice of entry of such judgment or order or service of the injunction. Upon appeal and stay, the return to the supreme court shall be made immediately."

The basis of defendant's jurisdictional argument is that sec. 280.02, Stats., has been repealed by implication by the legislature's recent additions to ch. 144. Ch. 144 confers on the department of natural resources broad authority to deal with water and air pollution and the related environmental threat posed by solid waste disposals. Prior to 1967, the department's activities were confined primarily to the water pollution problem. The 1967 session of the legislature added several sections to ch. 144 (most importantly secs. 144.30 through 144.46), thereby adding air pollution and solid waste disposal to the expanded scope of the department of natural resources' activities. With regard to all of these phases of the environmental pollution problem, the department of natural resources is empowered to make investigations, hold hearings and issue orders. The department of natural resources has no power to enforce its orders, how-

ever, because sec. 144.536 provides that the attorney general shall enforce the orders of the department in the appropriate court. Additional "powers and duties" of the department of natural resources are found in sec. 144.36 (1) (a) and (b), which provides as follows:

"(1) The department shall:

"(a) Prepare and develop one or more comprehensive plans for the prevention, abatement and control of air pollution in this state. The department thereafter shall be responsible for the revision and implementation of such plans.

"(b) Conduct or direct studies, investigations and research relating to air contamination and air pollution and their causes, effects, prevention, abatement and control and, by means of field studies and sampling, determine the degree of air contamination and air pollution throughout the state."

In addition to the nature and scope of the department of natural resources' duties outlined above, appellant also asks the court to note that a sound analysis of pollution problems often requires specialized scientific knowledge which administrative agencies usually possess and which courts usually do not possess. From these premises the appellant urges the court to infer that the 1967 session of the legislature intended to abolish sec. 280.02, Stats., and vest *exclusive original* jurisdiction of air and water pollution controversies in the department of natural resources. Appellant concedes that if there was an intent to abolish sec. 280.02, the legislature failed to express that intent. No mention of sec. 280.02 is found anywhere in ch. 144. Hence, any intent to repeal sec. 280.02 must be found by implication.

In *Heider v. Wauwatosa* (1967), 37 Wis. 2d 466, 478, 155 N. W. 2d 17, this court quoted with approval the following definition of express repeals and implied repeals:

" 'The abrogation or annulling of a previously existing law by the enactment of a subsequent statute which declares that the former law shall be revoked and abrogated, (which is called "express" repeal), or which contains provisions so contrary to or irreconcilable with those of the earlier law that only one of the two statutes can stand in force, (called "implied" repeal).' Black's Law Dictionary (4th ed. 1951)."

The "irreconcilability" referred to in the above quote is not lightly or quickly found by this court. This is because the cardinal principle of statutory construction is to save and not to destroy. *Town of Madison v. City of Madison* (1955), 269 Wis. 609, 70 N. W. 2d 249. Moreover, repeal by implication is not a favored concept in the law. In *Pattermann v. Whitewater* (1966), 32 Wis. 2d 350, 356, 145 N. W. 2d 705, this court quoted with approval the following language from *Union Cemetery v. Milwaukee* (1961), 13 Wis. 2d 64, 71, 108 N. W. 2d 180:

"Repeals by implication are not favored in the law. The earlier act will be considered to remain in force unless it is so manifestly inconsistent and repugnant to the later act that they cannot reasonably stand together. *Kienbaum v. Haberny* (1956), 273 Wis. 413, 78 N. W. (2d) 888, *Milwaukee County v. Milwaukee Western Fuel Co., supra,* or when the intent of the legislature to repeal by implication clearly appears. *McLoughlin v. Malnar* (1941), 237 Wis. 492, 297 N. W. 370. See also 1 Sutherland, Statutory Construction (3d ed.), p. 487, sec. 2021."

As noted in *Pattermann,* the rule of construction quoted above is "particularly applicable" where the statute claimed to have been repealed is one of long-standing and frequent use. Sec. 280.02, Stats., qualifies for the "particular application" of the rule in *Union Cemetery* because it is some sixty years old and has been invoked on numerous occasions. For the reasons just mentioned,

it cannot be said that sec. 280.02 is an obscure and little-noticed provision whose existence the legislature may have overlooked when it created and later amended ch. 144. The likelihood that sec. 280.02 was inadvertently overlooked by the legislature is further reduced when it is noted that ch. 144 contains numerous cross references to other chapters of the statutes.[1] This makes it clear that the legislature was aware, when enacting and amending ch. 144, of the need to coordinate the provisions of ch. 144 with other provisions already on the books. If the actual intent of the legislature was to repeal sec. 280.02, it seems strange indeed that no express statement to that effect can be found in ch. 144.

Beyond these considerations there is one further indication of legislative intent which makes the finding of a repeal by implication simply impossible. Appellant's brief ignores the fact that sec. 280.02, Stats., was brought squarely before the legislature in 1969, two years after appellant contends that it was repealed. Sec. 280.02 was amended in 1969 and now reads in the manner set forth earlier in this opinion. Prior to the 1969 amendment, sec. 280.02 provided that an action to abate a nuisance could be brought by the attorney general "upon his own information." This section now provides that an action may be commenced by the attorney general "on information obtained by the department of justice." This amendment makes it clear that it is not necessary for the attorney general himself to personally possess the required information. It is now sufficient that anyone in the department of justice has acquired the requisite information. The effect of this amendment is to facilitate suits under sec. 280.02. If the legislature had intended

---

[1] Sec. 144.12, Stats., refers to secs. 196.01 to 196.79; sec. 144.21, Stats., refers to ch. 20; sec. 144.26, Stats., refers to chs. 59, 62 and 30; sec. 144.42, Stats., refers to ch. 340; and sec. 144.46, Stats., refers to chs. 59 and 87.

to repeal sec. 280.02 in 1967, it would hardly have broadened the scope of its operation two years later in 1969. It is apparent that appellant's implied repeal argument is without merit.

The brief amicus curiae submitted on behalf of the Wisconsin Power & Light Company contends that the rule of construction stated in *Martineau v. State Conservation Comm.* (1970), 46 Wis. 2d 443, 449, 175 N. W. 2d 206, is applicable. In *Martineau,* it was said that where a general and a specific statute relate to the same subject matter, the specific controls, and this rule is "especially true" where the specific has been enacted after the general. From this it is urged that ch. 144 is more specific than sec. 280.02, Stats., and, therefore, it should control.

There are several reasons why this argument has no applicability to the facts at bar. First of all, the rule that the more specific governs the more general is a rule of construction which is not applied automatically but is only resorted to when the legislative intent is not otherwise clear from a reading of the two provisions in question. Here the intent to retain sec. 280.02, Stats., is crystal clear from the fact that the legislature amended the statute after it enacted ch. 144. For that reason alone, the rule of construction mentioned above is inapplicable; but even if it were applicable, it requires more than the mere existence of one general and one specific statute. It is also necessary that there be an irreconcilable conflict between the two provisions in question.

*Applicability of the doctrines of primary jurisdiction and exhaustion of remedies.*

Appellant contends that the attorney general has failed to exhaust the administrative remedies available to him and for that reason the circuit court is without juris-

diction to hear the matter. When a party has failed to exhaust his administrative remedies, the circuit court is not automatically divested of jurisdiction to hear the matter. Rather, such failure simply supplies the court with a reason for refusing to hear the suit in appropriate circumstances. Whether such circumstances are present in a given case is a matter of discretion of the court involved.

Appellant argues here that because the department of natural resources could issue an abatement order under these facts, the attorney general must seek that remedy before he is entitled to seek the aid of the circuit court. Appellant misapprehends the function of the exhaustion rule. The rule of exhaustion contemplates a situation where some administrative action is under way but is as yet *uncompleted*. *Wisconsin Collectors Asso. v. Thorp Finance Corp.* (1966), 32 Wis. 2d 36, 47, 145 N. W. 2d 33; *United States v. Western Pac. R. Co.* (1956), 352 U. S. 59, 77 Sup. Ct. 161, 1 L. Ed. 2d 126; *McKart v. United States* (1969), 395 U. S. 185, 89 Sup. Ct. 1657, 23 L. Ed. 2d 194; 3 Davis, *Administrative Law Treatise,* pp. 56–115, secs. 20.01 *et seq.*

In this case there is no uncompleted administrative action since there has been no administrative action of any kind whatsoever. There is some authority for the idea that exhaustion should be applied even where no administrative activity has been commenced. 2 Am. Jur. 2d, *Administrative Law,* p. 431, sec. 597. However, application of that version of the rule results in confusion between the purpose of the exhaustion rule and the primary jurisdiction rule. Moreover, even under appellant's version of the exhaustion rule, it is recognized that exhaustion will not be required where it would cause needless circuity or irreparable harm to the party seeking judicial relief. In this case the attorney general qualifies under both exceptions. The harmful emissions complained of in this suit can never be retracted; and even

if the attorney general were to obtain an abatement order from the department of natural resources, such order is not self-executing; and the attorney general would find himself, six months to a year hence, right back where he is now—in the circuit court for Buffalo county, seeking to have a public nuisance abated. On the basis of the foregoing, it is clear that the doctrine of exhaustion of remedies is inapplicable to the facts of this case.

A closer question is presented by the primary jurisdiction rule. The function of the primary jurisdiction rule is clearly stated by Professor Davis in his work *Administrative Law-Cases—Text—Problems,* ch. 19, p. 363:

"The doctrine of primary jurisdiction, or exclusive primary jurisdiction, or primary decision, or preliminary resort, or prior resort, is not a doctrine that governs judicial review of administrative action. In this important respect, it is altogether different from the doctrines of exhaustion and of ripeness, which govern the timing of judicial review of administrative action. The doctrine of primary jurisdiction determines whether the court or the agency should make the initial decision."

The primary jurisdiction rule does not negate the jurisdiction of the circuit court,[2] but, like the exhaustion

---

[2] Art. VII, sec. 8, of the Wisconsin Constitution provides in part as follows:

"The circuit courts shall have original jurisdiction in all matters civil and criminal within this state, not excepted in this constitution, and not hereafter prohibited by law; . . ."

Sec. 252.03, Stats., provides:

"**Jurisdiction of circuit courts.** The circuit courts have the general jurisdiction prescribed for them by the constitution and have power to issue all writs, process and commissions provided therein or by the statutes, or which may be necessary to the due execution of the powers vested in them. *They have power to hear and determine, within their respective circuits, all civil and criminal actions and proceedings unless exclusive jurisdiction is given to some other court;* and they have all the powers, . . ." (Emphasis supplied.)

concept, simply gives the court reason to pause and consider whether its jurisdiction should be exercised. In making that decision, the court is to consider, among others, the following factors:

" '. . . If the issue presented to the court involves exclusively factual issues within the peculiar expertise of the commission, the obviously better course would be to decline jurisdiction and to refer the matter to the agency. *On the other hand, if statutory interpretation or issues of law are significant, the court may properly choose in its discretion to entertain the proceedings.* The trial court should exercise its discretion with an understanding that the legislature has created the agency in order to afford a systematic method of fact-finding and policy-making and that the agency's jurisdiction should be given priority in the absence of a valid reason for judicial intervention.' *Wisconsin Collectors Asso. v. Thorp Finance Corp., supra,* at page 45. (Emphasis supplied.)" *City Firefighters Union v. Madison* (1970), 48 Wis. 2d 262, 270, 179 N. W. 2d 800.

In this case issues of law, rather than issues of fact, appear to be paramount. A substantial portion of appellant's brief is devoted to an exposition of the complex nature of the pollution problem and the technological difficulties involved in discovering methods of abating the particular kind of pollution appellant is charged with emitting. Appellant contends that there is no way, given the present state of the science, that it can effect substantial reductions in the emissions of sulphur oxides and still continue to operate. If that is true, then the fact questions in this case are relatively simple. The remaining question of what relief, if any, the circuit court should grant to the complainant is very much a question of policy and the law, and rests within the special expertise of the circuit court, not the department of natural resources.

*Sufficiency of the complaint.*

Appellant contends that even if the circuit court has jurisdiction over the subject matter of this action, the complaint must still be dismissed because it fails to state facts sufficient to constitute a cause of action. Appellant bases this argument on a sentence found in sec. 144.536, Stats. That section begins by providing that the attorney general shall enforce the orders of the department of natural resources in the appropriate circuit court. The section then states:

". . . For purposes of such proceeding where the order prohibits in whole or in part any pollution, a violation thereof shall be deemed a public nuisance. . . ."

From this sentence appellant concludes that no activity in this state, no matter how noxious, toxic or odoriferous, can be said to be a public nuisance unless and until the department of natural resources has issued an order directing that the activity be stopped. Any complaint, appellant argues, which attempts to state a cause of action for public nuisance is insufficient unless it alleges that the department of natural resources has ordered that the activity in question be stopped. We do not agree. This contention is a repetition of the proposition advanced by appellant, that exclusive original jurisdiction over pollution matters rests in the department of natural resources.

*Commonwealth Telephone Co. v. Carley* (1927), 192 Wis. 464, 213 N. W. 469, appears to be the only case in this jurisdiction where this court may have recognized the concept of truly exclusive jurisdiction in an administrative agency. Language to that effect was specifically withdrawn in *Wisconsin Collectors Asso. v. Thorp Finance Corp., supra,* at page 46. Since *Thorp,* this court has twice rejected the idea that administrative agencies in this state have exclusive original jurisdiction in their

respective areas of the law. *City Firefighters Union, supra,* at pages 269 and 270, and *State v. Chippewa Cable Co.* (1970), 48 Wis. 2d 341, 357, 180 N. W. 2d 714. More specifically and with reference to facts similar to the instant suit, the court said in *Costas v. Fond du Lac* (1964), 24 Wis. 2d 409, 415, 129 N. W. 2d 217:

"This court does not subscribe to the doctrine that the state board of health by virtue of sec. 144.03, Stats., is given exclusive jurisdiction over the determination of nuisance so as to foreclose a judicial determination of whether the operation of a sewage-disposal plant results in creating a nuisance. . . ."

We conclude that the circuit court had jurisdiction to hear the matter, that the complaint clearly states a cause of action to abate a public nuisance within the intent and meaning of sec. 280.02, Stats., and that the attorney general was not required to obtain leave of court before commencing the action.

*By the Court.*—Order affirmed.