COMMONWEALTH of
Kentucky, Appellant,

v.

William Allen GRIMES, Appellee.

Supreme Court of Kentucky.

Oct. 31, 1985.

David L. Armstrong, Atty. Gen., Robert V. Bullock, Asst. Atty. Gen., Frankfort, for appellant.

Kathleen Kallaher, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which held that a conviction pursuant to KRS 218A.990(2) could not be enhanced pursuant to the general persistent felony offender statute.

The legal issue presented is whether a sentence pursuant to a conviction of trafficking in a Schedule III controlled substance subsequent offender case under KRS 218A.990(2), may be used as a basis to enhance punishment under the general persistent felony offender statute.

Grimes was originally convicted in circuit court of trafficking in a controlled substance second offense with a sentence of five years and a $10,000 fine. In the second part of the bifurcated proceedings, Grimes was found guilty of being a persistent felony offender in the second degree and was sentenced to 18 years in prison. This is the second appeal to this Court in this case. In the first proceedings, we reversed the decision of the Court of Appeals relating to the propriety of the search and seizure of the drugs. In 1985, the Court of Appeals issued a second opinion which vacated and remanded in part the PFO sentence, because the use of Grimes's subsequent offender convictions under KRS 218A.990(2) as a springboard in obtaining a PFO status was improper. This Court accepted discretionary review again.

This Court reverses the Court of Appeals because the trial court did not commit reversible error by allowing the second offense trafficking conviction to be enhanced by the PFO statute.

The offense was not improperly enhanced and Grimes was not placed in double jeopardy. In the persistent felony offender second-degree trial, it was shown that Grimes had previously been convicted of three counts of uttering a forged instrument and received a five-year sentence on each count. Therefore Grimes was convicted of being a subsequent offender in trafficking in a controlled substance and being a persistent felony offender in the second degree as a result of earlier convictions for uttering a forged instrument.

The argument that the prior drug conviction should not have been used for enhancement purposes pursuant to KRS 532.-080(2) is without merit. There is nothing unconstitutional in the enhancement under the general persistent felony offender statute of a sentence imposed following the conviction of a subsequent offender of trafficking in the Schedule III controlled substance pursuant to KRS 218A.990(2). *Rudolph v. Commonwealth*, Ky., 564 S.W.2d 1 (1978), considered a similar issue and determined that there was no constitutional impediment to such enhancement.

*Rudolph, supra*, has not been implicitly overruled by the decisions of this Court in *Heady v. Commonwealth*, Ky., 597 S.W.2d 613 (1980); *Boulder v. Commonwealth*, Ky., 610 S.W.2d 615 (1980). *Jackson v. Commonwealth*, Ky., 650 S.W.2d 250 (1983), and *Eary v. Commonwealth*, Ky., 659 S.W.2d 198 (1983), have severely limited the application of *Heady, supra* and *Boulder, supra*.

As succintly stated in *Eary, supra*, this is the type of case spawned by the previous holdings of this Court in *Boulder* and *Heady, supra*. It is yet another problem arising from the unfortunate use of the word "status." This Court has clearly stated its position in *Eary* as to the holding of *Boulder* in *Jackson v. Commonwealth, supra*. When a single prior felony is used to create an offense or enhance a punishment of the second crime so created or enhanced, it may not be used again at that trial to prosecute the defendant under the PFO statute. Here the legislature clearly enacted a law punishing a subsequent offender who trafficked in a Schedule III controlled substance. This is a crime, not a status. It should be noted that neither *Boulder*, *Heady*, nor *Rudolph* discuss the enhancement statutes as they relate to double jeopardy. There is no violation of the prohibition against double jeopardy. *See McClain v. Commonwealth*, Ky., 607 S.W.2d 421 (1980).

It is the holding of this Court that a conviction of a second offense of trafficking in a Schedule III controlled substance under KRS 218A.990(2), may be further enhanced by a persistent felony offender second degree charge pursuant to the general PFO statute, KRS 532.080, where the PFO charge is grounded on a prior, unrelated conviction.

The decision of the Court of Appeals is reversed.

All concur.