**Rusty Craig BOWN, Appellee,**

v.

**STATE of Iowa, Appellant.**

**No. 90–1660.**

Supreme Court of Iowa.

Sept. 18, 1991.

Bonnie J. Campbell, Atty. Gen., Julie Ann Halligan, Asst. Atty. Gen., Kevin Parker, County Atty., and John W. Criswell, Asst. County Atty., for appellant.

John R. Hoyman of Gottschald & Hoyman, Indianola, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, LAVORATO, and NEUMAN, JJ.

SCHULTZ, Justice.

The State appeals from a district court order granting postconviction relief to applicant Rusty Craig Bown on the ground that the sentence imposed on Bown exceeded the maximum authorized by law. We reverse the district court's ruling and remand for further proceedings.

In July 1989, Bown pled guilty to the charge of operating while intoxicated (OWI), third offense, in violation of Iowa Code section 321J.2(2)(c).[1] Due to two prior felony burglary convictions, Bown was sentenced as a habitual offender as defined in Iowa Code section 902.8. Bown was sentenced to a prison term not to exceed fifteen years under Iowa Code section 902.-9(2) and directed to serve a three-year minimum sentence pursuant to section 902.8.

In his petition for postconviction relief, Bown claimed the maximum sentence he should have received was five years as a class "D" felon pursuant to section 902.-9(4). The trial court agreed that his third OWI offense enhanced his charge to a class "D" felony and that this enhancement should not be used as a trigger to the habitual offender sentencing provisions in sections 902.8 and 902.9(2). The court did not address the other issue raised by applicant, ineffective assistance of counsel. The State appeals from this ruling.

The issue before us is whether section 321J.2, which enhances the penalty for each subsequent OWI offense, can trigger enhanced punishment pursuant to provisions in sections 902.8–.9. The trial court concluded that resolution of this issue rests on statutory construction rather than constitutional grounds. On appeal, both parties raise their respective positions concerning legislative intent and statutory construction. Thus, we first examine the relevant statutes.

Iowa Code section 321J.2(2), Iowa's OWI statute, provides in relevant part:

2. A person who violates this section commits:

. . . .

c. A class "D" felony for a third offense and each subsequent offense and shall be imprisoned in the county jail for a determinate sentence of not more than one year but not less than thirty days, or committed to the custody of

---

1. All statutory references are to the 1989 Iowa Code.

the director of the department of corrections, and assessed a fine of not less than seven hundred fifty dollars.

Iowa Code section 902.8 defines a habitual offender as follows:

An habitual offender is any person convicted of a class "C" or a class "D" felony, who has twice before been convicted of any felony in a court of this or any other state, or of the United States. An offense is a felony if, by the law under which the person is convicted, it is so classified at the time of the person's conviction. A person sentenced as an habitual offender shall not be eligible for parole until the person has served the minimum sentence of confinement of three years.

Iowa Code section 902.9(2) fixes the sentence for a habitual offender as "no more than fifteen years."

Bown contends that it is unclear whether the legislature intended violation of section 321J.2(2)(c) to be a class "D" felony that falls within the definition of "habitual offender" pursuant to section 902.8. He urges that other jurisdictions hold that it is impermissible to enhance a sentence twice. He also urges that a criminal statute should be resolved in favor of lenity to the defendant and a specific statute, such as section 321J.2, is to be given precedence over a general statute, such as section 902.8.

Initially, the literal terms of section 321J.2(2) provide that an OWI, third offense, is a class "D" felony without words of qualification. Thus, a conviction under section 321J.2(2)(c) clearly meets the requirement of a class "D" felony conviction for designation as a habitual offender under section 902.8. Section 321J.2(2) allows a sentencing judge the option of either a county jail sentence with a minimum and maximum time period or a state prison sentence. To determine the length of a state prison sentence, reference must be made to the Code sections governing the sentencing of felons. Iowa Code § 902.9(4) ("A class 'D' felon, not an habitual offender, shall be confined for no more than five years...."); § 902.9(2) ("An habitual of-

fender shall be confined for no more than fifteen years"). The only ambiguity in these Code sections is the absence of express language prohibiting the option of a county jail sentence for a defendant who is also a habitual offender. However, we need not address this ambiguity because the sentencing judge opted for a state prison sentence. Thus, we must determine whether the habitual offender provisions in chapter 902 may be invoked when a defendant receives a state prison sentence.

Bown supports his claim that the legislature never intended to apply section 902.8, the habitual offender statute, in the case of a third OWI offense by citing cases from two neighboring jurisdictions. *Lawson v. State,* 295 Ark. 37, 746 S.W.2d 544 (1988); *State v. Chapman,* 205 Neb. 368, 287 N.W.2d 697 (1980). Both jurisdictions have drunk-driving statutes which enhance the punishment based on the number of prior convictions, provide a specific penalty in the same statute, and have habitual offender statutes with a greater penalty. *Lawson,* 295 Ark. at 40, 746 S.W.2d at 545; *Chapman,* 205 Neb. at 369, 287 N.W.2d at 698.

In *Lawson,* the Arkansas court held that its legislature did not intend that the specific criminal enhancement statute, driving while intoxicated fourth offense, should be coupled with its general criminal enhancement statute, habitual offender. *Lawson,* 295 Ark. at 41, 746 S.W.2d at 546. It relied upon the following two rules of construction: (1) "[W]here a special act applies to a particular case, it excludes the operation of a general act upon the same subject," and (2) "[A]ll doubts in construing a criminal statute must be resolved in favor of the defendant...." *Id.* The Nebraska court essentially relied upon the same reasons as the Arkansas court but noted that its driving-while-under-the-influence statute "specifically provides for a penalty within the terms of the statute." *Chapman,* 205 Neb. at 371, 287 N.W.2d at 699.

Iowa Code section 321J.2(2) is readily distinguishable from the Arkansas and Nebraska statutes. Section 321J.2(2) does not specify the length of a state prison

sentence and reference must be made to chapter 902 for specific sentencing guidelines. Section 902.9(4) provides the maximum sentence for a class "D" felon who is not a habitual offender. Section 902.9(2) provides the maximum sentence for a habitual offender. Since section 321J.2(2) provides no specific sentencing guidelines for a state prison sentence, the length of a class "D" felon's state prison sentence is determined only once. No second determination is made that would constitute a stacking of sentences, or double punishment. *See United States v. Williams,* 892 F.2d 296, 305 (3d Cir.1989); *United States v. Sanchez–Lopez,* 879 F.2d 541, 559 (9th Cir.1989). Consequently, the rule of statutory construction that specific statutes exclude application of general statutes is not applicable to our statutory scheme.

 In construing penal statutes, we have recognized the rule that when ambiguities exist, doubts are resolved in favor of the defendant. *State v. Koplin,* 402 N.W.2d 423, 425 (Iowa 1987). Application of this rule is not necessary, however, if legislative intent is evident through a reasonable construction of a statute. *State v. Newman,* 313 N.W.2d 484, 486 (Iowa 1981). In ascertaining a reasonable construction, we must look to the objectives to be accomplished and the evils sought to be remedied. *Id.* The obvious purpose of the habitual offender statute is to provide additional punishment for those persons who have not been deterred by previous penalties. By classifying a violation of section 321J.2(2) as a class "D" felony, which falls under the definition of habitual offender provided in section 902.8, the legislature clearly intended to increase the length of punishment for third OWI offenders who have had two prior felony convictions.

In *Lawson,* the Arkansas court referred to 3 ABA, *Standards for Criminal Justice* § 18–4.4, at 290 (Supp.1986), which suggests that misdemeanors, no matter how frequent, should not be a predicate for a felony conviction resulting in a habitual offender sentence on the basis that these offenders should be distinguished from dangerous offenders. Even though this rationale may be applicable for most crimes designated as misdemeanors, we believe that the crime of driving while intoxicated is a dangerous offense. In recent years, the public and the legislature have recognized that intoxicated drivers have caused a multitude of deaths and injuries to others innocently using the highway. We believe that the legislature recognized the dangers presented by repeat OWI offenders in designating a third OWI offense as a class "D" felony and intended that the habitual offender provisions in chapter 902 should apply to a third OWI offense.

Additionally, *Lawson* and *Chapman* both indicate that the majority rule disfavors double penalty enhancement through the application of both a specific subsequent offense statute and a habitual criminal statute. *Lawson,* 295 Ark. at 40, 746 S.W.2d at 545; *Chapman,* 205 Neb. at 370, 287 N.W.2d at 699. However, our review of the case law leads us to the conclusion that a general rule does not really emerge from these cases because of the differences in the individual state statutes interpreted in those cases. Stated otherwise, we believe that the interpretation of each jurisdiction's unique statutory framework is more dispositive than allegiance to a majority or general rule.

Furthermore, it appears that recent decisions are moving in a direction away from the majority rule as stated in *Lawson* and *Chapman.* See, e.g., *United States v. Williams,* 892 F.2d 296, 304–05 (3d Cir. 1989) (application of sentence enhancement provision for conviction of possessing gun as convicted felon in conjunction with punishment provisions of career offender sentencing guidelines permissible); *United States v. Sanchez–Lopez,* 879 F.2d 541, 558–59 (9th Cir.1989) (use of two prior drug offense convictions to increase penalty to level that doubled defendant's sentence under application of career offender provision permissible); *Kankanton v. State,* 765 P.2d 101, 103 (Alaska Ct.App.1988) (aggravating factors from prior conviction already used to classify defendant as second-felony offender for sentencing purposes may be used to enhance sentence for present offense); *People v. Vega,* 224 Cal.

App.3d 506, 513–14, 273 Cal.Rptr. 684, 688 (1990) (prior offense may enhance misdemeanor to felony and also enhance term of sentence); *State v. Rogers*, 555 So.2d 500, 502–03 (La.Ct.App.1989) (prior felony offenses that were enhanced misdemeanor thefts could be used to enhance defendant's sentence as multiple offender).

We believe that these recent decisions and two earlier cases, *Commonwealth v. Grimes*, 698 S.W.2d 836 (Ky.1985), and *Woods v. State*, 471 N.E.2d 691 (Ind.1984), present situations that are analogous to our statutory scheme. In *Grimes*, the Kentucky court allowed a sentence pursuant to a conviction for trafficking in a controlled substance, second offense, to be enhanced by a general persistent felony offender statute. 698 S.W.2d at 837. In *Woods*, the Indiana court followed the literal terms of its statute in approving enhancement of the misdemeanor of illegal possession of a handgun to the class "D" felony of illegal possession of a handgun by a felon. 471 N.E.2d at 692–93. The court used the defendant's same prior felony, an armed robbery conviction, not only to enhance the misdemeanor to a class "D" felony, but also to further enhance the penalty imposed by applying its habitual offender statute. *Id.* Neither court found a constitutional impediment to such enhancement. *Grimes*, 698 S.W.2d at 837; *Woods*, 471 N.E.2d at 693. We believe that this authority should be followed in this case.

In summary, we hold that the literal terms of section 321J.2(2) allow the application of our habitual offender provisions of chapter 902 in the case of a defendant convicted of OWI, third offense. The trial court erred in granting postconviction relief on the grounds that the sentence exceeded the maximum allowed by law. The trial court did not rule on the issue of ineffective counsel; therefore, this matter is remanded to the trial court to decide this issue on the record before it.

REVERSED AND REMANDED.