STATE of Wisconsin, Plaintiff-Respondent,

v.

Richard W. DELANEY, Defendant-Appellant-
Petitioner.

Supreme Court

*No. 01–1051–CR. Oral argument October 15, 2002.—Decided
March 4, 2003.*

2003 WI 9

(Also reported in 658 N.W.2d 416.)

For the defendant-appellant-petitioner there were briefs by *Joseph R. Cincotta* and *Schweitzer & Cincotta LLP,* Milwaukee, and oral argument by *Joseph R. Cincotta.*

For the plaintiff-respondent the cause was argued by *David J. Becker,* assistant attorney general, with whom on the brief was *James E. Doyle,* attorney general.

¶ 1. N. PATRICK CROOKS, J. Petitioner Richard W. Delaney (Delaney) seeks review of an unpublished court of appeals decision, affirming his judgment of conviction and sentence for operating while intoxicated (OWI), third offense. Specifically, Delaney asks this court to determine whether Wis. Stat. § 939.62 (1999–2000)[1] was properly applied to his already enhanced OWI offense under Wis. Stat. § 346.65(2)(c), based on the existence of a past non-OWI offense, so as to enhance Delaney's penalty twice for count one of his judgment of conviction. We answer in the affirmative, and conclude that a defendant convicted of the crime of second—or subsequent—offense OWI, as Delaney has been, is subject to the penalty enhancements provided for in both §§ 346.65(2) and 939.62, so long as the application of each enhancer is based on a separate and distinct prior conviction or convictions.

## I. BACKGROUND

¶ 2. The facts are undisputed. On November 19, 1999, Officer Kenneth Clelland was attempting to locate a brown station wagon with a certain license plate that had been involved in a hit-and-run accident. Dispatch identified the suspected driver as either Richard Delaney or Randy Delaney. Officer Clelland located the vehicle in front of Martin Delaney's residence. Martin Delaney is the brother of Richard and Randy Delaney.

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise indicated.

After finding Richard Delaney hiding in the house, Officer Clelland placed both Randy and Richard Delaney in custody. During the investigation, Richard Delaney confessed that he had been the driver of the offending vehicle. Officer Clelland then formally placed Richard Delaney (Delaney) under arrest and transported him to the police department.

¶ 3. Count One of the eight-count criminal complaint charged Richard with OWI pursuant to Wis. Stat. § 346.63(1)(a). The complaint also alleged that Richard had been previously convicted of OWI in July, 1992, and that his driving privileges had been previously revoked for failing to submit to a chemical test in July, 1990, making him a third-time offender pursuant to § 346.65(2)(c). In addition, the complaint alleged that Richard had been previously convicted of attempted possession of THC with intent to deliver, a felony, in July, 1996, making him a repeat offender pursuant to § 939.62.

¶ 4. Delaney moved to suppress the pre-Miranda oral statements he made to Officer Clelland. He also moved to dismiss the applicability of the habitual criminal penalty enhancer under Wis. Stats. § 939.62 from Count One of the complaint. Delaney's motions were denied after an evidentiary hearing on January 14, 2000.[2]

---

[2] On appeal, Delaney argued that his pre-Miranda statement that he was the driver of the car involved in the accident was obtained during a custodial interrogation and should have been suppressed by the trial court. The court of appeals held that Delaney's statement was voluntary and was not the result of police questioning or custodial interrogation; therefore, the statement was admissible. In his petition for review and briefs to this court, Delaney does not raise his Miranda issue. As a result we will not revisit the issue.

¶ 5.   On April 3, 2000, Delaney entered a no contest plea to OWI, third offense, as a repeater pursuant to Wis. Stat. §§ 346.63(1)(a), 346.65(2)(c), and 939.62. He also pled no contest to two counts of causing injury while operating while intoxicated in violation of § 346.63(2)(a)1.

¶ 6.   The circuit court for Kenosha County, the Honorable S. Michael Wilk, presiding, imposed the following sentence:

> Count One [OWI, third offense]:   sentence withheld and six years probation to run concurrent with Count Three (R. 30:56).
>
> Count Three [Causing injury by motor vehicle while under the influence of intoxicant as a repeater]:   14 months prison stayed and six years probation to run concurrent with Count One and consecutive to Count Five (R. 30:56).
>
> Count Five [Causing injury by motor vehicle while under the influence of intoxicant as a repeater]:   three years prison (R. 30:55, 30:56).
>
> If probation is revoked, a potential three years for the withheld sentence plus 14 months for the stayed sentence (R 30:56, 30:57).

¶ 7.   Delaney filed motions for post-conviction relief on February 19, 2001, seeking to reverse the circuit court's ruling applying the penalty enhancer under Wis. Stat. § 939.62, and reserving the right to challenge the circuit court's denial of the motion to suppress his pre-Miranda statements on direct appeal. After negotiation with the State, a stipulated sentence modification order was entered on March 28, 2001, disposing of Delaney's post-conviction motion challenging the cir-

cuit court's denial of the motion to suppress his pre-Miranda statements.[3] Delaney filed a notice of appeal on April 16, 2001.

¶ 8. On January 23, 2002, the court of appeals affirmed the circuit court, finding the statutory language of Wis. Stat. §§ 939.62 and 346.65(2)(c) unambiguous. The court of appeals stated:

> Both statutes permit an enhanced penalty and the facts squarely support the implementation of both statutes. [Delaney's] present conviction qualifies him as a repeater pursuant to Wis. Stat. § 939.62(1) because the conviction is not for an escape or a failure to report. And [Delaney's] prior felony conviction for attempted possession of THC with intent to deliver further qualifies him as a repeater because the conviction is not a motor vehicle or juvenile offense. Therefore, [Delaney] was properly sentenced as a repeater under both statutes.

*State v. Delaney,* 2002 WI App 56, ¶38, 251 Wis. 2d 481, 640 N.W. 2d 565.

¶ 9. Delaney petitioned this court for review, which we granted on April 22, 2002.

¶ 10. Delaney contends that his sentence was improperly enhanced by the circuit court's application of both the repeater provisions of Wis. Stat. §§ 346.65(2)(c) and 939.62(1)(a). Delaney does acknowledge that he was properly subjected to the repeater provision of § 346.65(2)(c), based on his prior OWI conviction and his refusal to submit to a chemical test. Therefore, we must determine whether § 939.62 ap-

---

[3] The circuit court denied the motion relating to the penalty enhancer on the basis that Richard's prior felony offense provided a separate factual basis for the application of the § 939.62 penalty enhancer.

plies to Delaney's already enhanced OWI offense based on the existence of a past non-OWI offense.

¶ 11. Delaney advances the following arguments in support of his contention that the general repeater statute, Wis. Stat. § 939.62, may not be applied to an already enhanced sentence under § 346.65: (1) that the statutory language of § 939.62, and our decision in *State v. Wideman,* 206 Wis. 2d 91, 94, 556 N.W.2d 737 (1996), illustrate that the legislature intended to exempt motor vehicle offenses from § 939.62, and (2) that the court of appeals decision in *State v. Ray,* 166 Wis. 2d 855, 481 N.W.2d 288 (Ct. App. 1992), prohibits the application of the general repeater statute when a specific enhancer has already been utilized.

## II. STANDARD OF REVIEW

¶ 12. Delaney's arguments require us to construe the language of Wis. Stat. §§ 346.65 and 939.62, raising questions of law, which we review independently. *Wideman,* 206 Wis. 2d at 94.

¶ 13. The purpose of statutory construction is to determine and give effect to the legislative intent, which is ascertained by considering the language of the statute, and if necessary the scope, history, context, subject matter and object intended to be remedied or accomplished. *Ray,* 166 Wis. 2d at 872. When construing multiple statutes, we seek to harmonize them. *Id.* at 873. "It is a cardinal rule of statutory construction that conflicts between statutes are not favored and will be held not to exist if the statutes may otherwise be reasonably construed." *Wyss v. Albee,* 193 Wis. 2d 101, 110, 532 N.W.2d 444 (1995).

¶ 14. We first look to the language of a statute and attempt to interpret it based on "the plain meaning of its terms." *State v. Williquette,* 129 Wis. 2d 239, 248, 385 N.W.2d 145 (1986). Only when statutory language is ambiguous may we examine other construction aids such as legislative history, scope, context, and subject matter. *State v. Waalen,* 130 Wis. 2d 18, 24, 386 N.W.2d 47 (1986). A statute is ambiguous if reasonable persons could disagree as to its meaning. *Williquette,* 129 Wis. 2d at 248.

¶ 15. As noted above, if the statute is clear and unambiguous, we need not look beyond the statutory language to ascertain its meaning. However, we may construe a clear and unambiguous statute "if a literal application would lead to an absurd or unreasonable result," *Coca-Cola Bottling Co. of Wisconsin v. La Follette,* 106 Wis. 2d 162, 170, 316 N.W.2d 129 (Ct. App. 1982).

### III. STATUTORY ANALYSIS

¶ 16. Delaney contends that the penalty enhancer under Wis. Stat. § 939.62 should not have been applied to the OWI count, since it was improperly used to further enhance his already enhanced penalty under the OWI provisions in § 346.65(2)(c). We disagree. The circuit court and court of appeals did not err in applying the general penalty enhancer under § 939.62 to further enhance Delaney's already enhanced sentence under § 346.65(2)(c).

¶ 17. Delaney bases his argument upon language in Wis. Stat. § 939.62(3) that he contends seemingly excludes motor vehicle offenses from its scope. How-

85

ever, a careful reading of the statute reveals that the plain language of § 939.62 does not exclude OWI offenses under § 346.63(1) from the scope of crimes to which the penalty enhancer applies. Wisconsin Stat. § 939.62(1) states:

> If the actor is a repeater, as that term is defined in sub. (2), and the present conviction is for any crime for which imprisonment may be imposed, except for an escape under s. 946.42 or a failure to report under s. 946.425, the maximum term of imprisonment prescribed by law for that crime may be increased as follows:
>
> (a) A maximum term of one year or less may be increased to not more than 3 years.
>
> (b) A maximum term of more than one year but not more than 10 years may be increased by not more than 2 years if the prior convictions were for misdemeanors and by not more than 6 years if the prior conviction was for a felony.
>
> (c) A maximum term of more than 10 years may be increased by not more than 2 years if the prior convictions were for misdemeanors and by not more than 10 years if the prior conviction was for a felony.

Wisconsin Stat. § 939.62(3) states:

> In this section, "felony" and "misdemeanor" have the following meanings:
>
> (a) In case of crimes committed in this state, the terms do not include motor vehicle offenses under chs. 341 to 349 and offenses handled through proceedings in the court assigned to exercise jurisdiction under chs. 48 and 938, but otherwise have meanings designated in s. 939.60.

¶ 18. Contrary to Delaney's assertion that the exemption for motor vehicle offenses from the defini-

tion of "felony" and "misdemeanor" in Wis. Stat. § 939.62(3) bars the application of § 939.62 to his already enhanced penalty, we hold that the plain language of the statute does not exclude OWI offenses under § 346.63(1) from the scope of crimes to which the § 939.62 penalty enhancer applies.[4]

¶ 19. Applying the plain language of the statute, as we are obliged to do, we note it focuses on the defendant's present conviction. The statute applies where the defendant's present conviction is "for any crime for which imprisonment may be imposed, except for an escape under s. 946.42 or a failure to report under s. 946.425." Wis. Stat. § 939.62(1).

¶ 20. Wis. Stat. § 939.12 defines a crime as "conduct which is prohibited by state law and punishable by fine or imprisonment or both." Under § 346.65(2)(c), a third offense OWI constitutes a crime, as the defendant is subject to a fine and a minimum jail sentence. Thus, we conclude that the plain language of § 939.12 provides that motor vehicle offenses, for which a sentence of fine or imprisonment or both may be imposed, are "crimes" subject to § 939.62.

¶ 21. However, pursuant to Wis. Stat. § 939.62(2), a defendant is only classified as a repeater if "the actor was convicted of a felony during the 5-year period immediately preceding the commission of the crime for which the actor presently is being sentenced, or if the actor was convicted of a misdemeanor on 3 separate occasions during that same period. . . . " Wis. Stat. § 939.62(2). Delaney points to § 939.62(3), which ex-

---

[4] The court of appeals correctly noted that Wis. Stat. § 939.62 "is not a stand-alone statute. By its very terms, it must be linked to another statute creating a crime before it can be implemented." *State v. Delaney*, 2002 WI App 56, ¶35, 251 Wis. 2d 481, 640 N.W. 2d 565.

cludes motor vehicle offenses under chs. 341. to 349 from the definitions of "felony" and "misdemeanor," in support of his contention that the legislature intended to create separate punishment mechanisms for general crimes and OWI offenses.

██

¶ 22.   We disagree. The words "felony" and "misdemeanor" are only utilized in the discussion of *prior* convictions, not *present* convictions. Wis. Stat. § 939.62(3). By contrast, the legislature referred to "any crime" in defining the present conviction under § 939.62(1). The legislature specifically provided two exemptions to the phrase "any crime"; escape under § 946.42 and failure to report under § 946.425. Under the well-established canon of *expressio unius est exclusio alterius* (the expression of one thing excludes another), where the legislature specifically enumerates certain exceptions to a statute, we conclude, based on that rule, that the legislature intended to exclude any other exception. *State ex rel. Harris v. Larson,* 64 Wis. 2d 521, 527, 219 N.W.2d 335 (1974).

¶ 23.   Applying the above canon to the case at hand, if the legislature intended to exempt present motor vehicle offenses from the definition of "any crime," it either would have clarified its intention by adding the "felony" and "misdemeanor" language to Wis. Stat. § 939.62(1), rather than referring to "any crime," or it would have added a specific motor vehicle offense exemption to § 939.62(1). However, the legislature has elected not to do so. The legislature only barred the application of § 939.62 where the present conviction is for an escape or failure to report, and where the prior conviction relied on to trigger the enhancement statute is for a motor vehicle offense.

¶ 24. Accordingly, we hold that the "any crime" language of Wis. Stat. § 939.62(1) unambiguously applies to a motor vehicle offense, such as the OWI offense here, which is a crime for which a sentence of both a fine and imprisonment must be imposed. The motor vehicle exemption in sub. (3) for prior convictions does not apply where the present motor vehicle conviction constitutes a "crime."[5]

¶ 25. Therefore, because Delaney's present conviction for a third offense OWI is not an escape or failure to report and his prior drug conviction is a felony, and that felony occurred within the statutory time period, the repeater enhancement provision of Wis. Stat. § 939.62 was properly applied.

¶ 26. Since we find that the statute is plain on its face, we need not look to extrinsic materials in interpreting Wis. Stat. § 939.62. *See Landis v. Physicians*

---

[5] Delaney contends that applying Wis. Stat. § 939.62 to an already enhanced sentence contravenes the Wisconsin rule that "penal statutes are generally construed strictly to safeguard a defendant's rights." *State v. Rabe,* 96 Wis. 2d 48, 70, 291 N.W.2d 809 (1980)(citation omitted). However, the rule only applies where the statutory language is ambiguous. *Id.* We find § 939.62 unambiguous and thus reject Delaney's argument.

Delaney also asserts that § 939.62 may not be applied because statutory rules of construction hold that a more specific provision governs the more general. *State v. Dairyland Power Coop.,* 52 Wis. 2d 45, 53, 187 N.W.2d 878 (1971). Again, that rule only applies where the legislative intent cannot be discerned from the pertinent provisions and the two provisions irreconcilably conflict. *Dairyland Power,* 52 Wis. 2d at 53. As we stated earlier, we find both Wis. Stat. §§ 346.65(2)(c) and 939.62 clear and unambiguous both in their own right, and in concert with each other. Thus, we need not resort to the principle that the specific governs the general.

*Ins. Co.,* 2001 WI 86, ¶ 14, 245 Wis. 2d 1, 628 N.W.2d 893; *State v. Waalen,* 130 Wis. 2d 18, 24, 386 N.W.2d 47 (1986). Because Delaney cites two Wisconsin cases in support of his position, we feel it is necessary to address and analyze each case.

¶ 27.   Delaney cites *State v. Wideman,* for support of his contention that the legislature intended to exclude OWI offenses from the penalty enhancement scope of Wis. Stat. § 939.62. Delaney is correct in that *Wideman* acknowledges that the legislature intended that § 346.65 generally operates in a different manner than other repeater statutes. *See Wideman,* 206 Wis. 2d at 102. However, *Wideman* is distinguishable from the case at bar, as Delaney himself acknowledges. *See* Pet'r Br. at 19.[6]

¶ 28.   In *Wideman,* we held that the proof requirements, necessary to make the general repeater statute applicable, do not govern proof requirements for prior OWI convictions used to enhance an OWI conviction under Wis. Stat. § 346.65(2). *Wideman,* 206 Wis. 2d at 100. Relying on the statutory language, we stated that § 939.62(3)(a) expressly excluded motor vehicle offenses from the definition of a repeater, so the burden of proof requirements for prior OWI convictions were not governed by that statutory provision. *Id. Wideman* reaffirms our statutory analysis that prior motor vehicle offenses are excluded from the definition of "felony" and "misdemeanor" in § 939.62(3). It also reaffirms our conclusion that § 939.62 is clear and unam-

---

[6] The issue in *Wideman* was whether a prior conviction or prior convictions of OWI used to enhance the punishment of one convicted of OWI, as provided for in Wis. Stat. § 346.65(2), must be proved in the same manner required by § 973.12 for prior convictions for purposes of § 939.62. *State v. Wideman,* 206 Wis. 2d 91, 556 N.W.2d 737 (1996).

biguous. Regarding § 939.62, we stated in *Wideman* that: "[w]e would be hard pressed to find a clearer expression of legislative intent." *Id.* at 100.

¶ 29. As noted before, Delaney's enhanced penalty under Wis. Stat. § 939.62 is based on his prior felony conviction for attempted possession of THC with intent to deliver. Delaney's contention that *Wideman* supports his argument that the legislature intended to exclude OWI offenses from the penalty enhancement scope of § 939.62 would be correct if the *prior* conviction relied on for the purposes of § 939.62 was a motor vehicle offense. However, attempted possession of THC with intent to deliver is clearly not a motor vehicle offense. Thus, we conclude that the plain language of § 939.62 does not prohibit its application to Delaney's present conviction for a third offense OWI.

¶ 30. Next, Delaney contends that the court of appeals decision in *State v. Ray*, 166 Wis. 2d 855, 481 N.W.2d 288 (Ct. App. 1992), prohibits the double enhancement of penalties under both a specific penalty enhancer and the general enhancer in Wis. Stat. § 939.62. *Ray* is distinguishable from the present case. In *Ray*, the defendant's conviction was enhanced under § 161.41(2) [now § 961.48] for violations of § 161.41(1x) [now § 961.41] (conspiracy to deliver cocaine) and under the general repeater statute for the same prior conviction. *Ray*, 166 Wis. 2d at 871–72. The court of appeals held that the circuit court may apply either the specific enhancer or the more general enhancer, but not both when the predicate offense is for the same conviction. *Id.* at 873.

¶ 31. The court of appeals in *Ray* carefully limited its decision to the situation before it. The factual situation in *Ray* is not the same as here. Unlike the situation in *Ray*, where the State attempted to use one

prior conviction to support two penalty enhancers, here the Wis. Stat. § 346.65 enhancer was based on Delaney's prior OWI conviction and refusal to submit to a chemical test. The § 939.62 enhancer was based on Delaney's attempted possession of THC conviction; therefore, the decision in *Ray* is inapplicable here.

¶ 32.   Case law in other jurisdictions supports our analysis that when, as here, multiple penalty enhancers are predicated on separate and distinct prior offenses, imposition of multiple enhancers is permissible. *See Commonwealth v. Grimes,* 698 S.W.2d 836 (Ky. 1985). In that case, the defendant was convicted of second-offense drug trafficking, and as a persistent felony offender under a general repeater statute analogous to Wis. Stat. § 939.62. The Kentucky Supreme Court held: "[A] conviction of a second offense of [drug] trafficking . . . may be further enhanced by a persistent felony offender . . . charge pursuant to the general PFO [persistent felony offender] statute . . . where the PFO charge is grounded on a prior, unrelated conviction." *Grimes,* 698 S.W.2d at 837.

¶ 33.   Applying the *Grimes* rule to a second or subsequent drunk driving offense enhanced under a general repeater statute, the Kentucky Supreme Court in *Corman v. Commonwealth,* 908 S.W.2d 122 (Ky. 1995), sustained a conviction for fourth-offense OWI as a persistent felony offender (PFO) because there was a separate basis for each penalty enhancement. In particular, the *Corman* court stated:

> The rule is now established that when a single prior felony is utilized to create an offense or enhance a punishment at the trial of the second crime, that same prior felony cannot be used at that trial to prosecute the defendant as a persistent felony offender. If however,

the prior felony used to underlie the PFO conviction is a separate prior felony from the one used to create the offense or enhance its punishment, the offense can be further enhanced under the PFO statute.

*Corman,* 908 S.W.2d at 123 (citations omitted).

¶ 34.  Furthermore, the Iowa Supreme Court has reached a similar conclusion under a statutory scheme similar to that in Wisconsin. *Bown v. State,* 475 N.W.2d 3 (Iowa 1991). In *Bown,* the defendant was charged with OWI, third offense, which enhanced his charge to class "D" felony, with a habitual offender enhancement for two previous burglary convictions. 475 N.W.2d at 4. Reversing the trial court, the Iowa Supreme Court found the OWI statute and the habitual offender statute unambiguously permitted the double enhancement in situations like Delaney's. *Id.* at 7. Noting the general trend in other jurisdictions toward permitting this type of double enhancement, the court found its construction reasonable given the public and legislative concerns regarding drunk driving. *Id.* at 6.

¶ 35.  As *Wideman, Ray,* and the case law from other jurisdictions indicate, applying Wis. Stat. § 939.62 to an already enhanced sentence under § 346.65(2)(c) does not lead to an "absurd or unreasonable result." *Coca-Cola Bottling,* 106 Wis. 2d at 170. As a result, the unambiguous statutory language allows the application here of the penalty enhancement provisions of § 939.62 to further increase an already enhanced penalty under the specific penalty enhancer provisions of § 346.65.

## IV. CONCLUSION

¶ 36.  For the reasons set forth above, we conclude that a defendant convicted of the crime of second or subsequent offense OWI, as Delaney has been, is sub-

ject to the penalty enhancements provided for in both Wis. Stat. §§ 346.65(2) and 939.62, so long as the application of each enhancer is based on a separate and distinct prior conviction or convictions.

¶ 37. Accordingly, we affirm the court of appeals decision, which affirmed Delaney's conviction and sentence for a third offense OWI.

*By the Court.*—The decision of the court of appeals is affirmed.

¶ 38. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE *(dissenting)*. Rules of statutory interpretation are designed to help courts discern the intent of the legislature, not to serve as blinders. In this case, the majority opinion uses the plain language rule to shield its eyes from the legislative intent to exclude motor vehicle offenses from consideration both as a predicate offense and a present offense under the habitual offender statute.

¶ 39. The majority opinion maintains that the plain language of Wis. Stat. § 939.62 (1999–2000) unambiguously excludes motor vehicle offenses from consideration as predicate offenses and just as clearly includes motor vehicle offenses when determining whether a present offense makes the perpetrator a habitual criminal. Specifically, the majority asserts that under § 939.62, the word "crime" means all felonies and misdemeanors, but that the terms "felony" and "misdemeanor" mean only those crimes that are not motor vehicle offenses. Thus, the "any crime" language of § 939.62(1) discussing present offenses that trigger the habitual offender statute "unambiguously" includes motor vehicle offenses.

¶ 40. A rule of interpretation cannot, by itself, be dispositive in interpreting a statute because almost

94

every rule can be countered by an opposing rule.[1] Here, the majority opinion employs the plain language rule without acknowledging a counterpart. Statutes plain on their face are not to be read so as to lead to an absurd result. "A court will always reject an unreasonable construction of a statute where a reasonable construction appears, and this is so notwithstanding that the statute is to be strictly construed."[2]

¶ 41. According to the majority, a person convicted of operating a motor vehicle under the influence of an intoxicant or other drug on five occasions who then commits a drug offense cannot be sentenced as a repeater because the predicate offenses were all for motor vehicle violations.

¶ 42. In contrast, however, a person engaged in the same criminal offenses but in a slightly different order will be punished with a significantly higher sentence. If the drug conviction occurred first, followed by five OWI convictions, the defendant could be sentenced as a repeater. Similarly, if two OWI convictions were followed by the felony drug conviction and then three more OWI convictions, the defendant would again be considered a repeater.

¶ 43. The more reasonable construction is to read Wis. Stat. § 939.62 (1999–2000) as excluding motor vehicle offenses from the entirety of the statute. In this way, all persons convicted of the same types of crimes

---

[1] Karl N. Llewellyn, *Remarks on the Theory of Appellate Decision and the Rules or Canons About How Statutes Are to Be Construed,* 3 Vand. L. Rev. 395 (1950).

[2] *Falkner v. N. States Power Co.,* 75 Wis. 2d 116, 124, 248 N.W.2d 885 (1977).

receive the same enhanced punishment; the timing of the convictions is irrelevant.[3]

¶ 44. Furthermore, this interpretation is consistent with the legislative history of Wis. Stat. § 939.62 (1999–2000). The history of § 939.62 demonstrates that the legislature did not intend to distinguish between present offenses and predicate offenses when excluding motor vehicle offenses under the habitual criminality statute. Section 939.62 began as Wis. Stat. § 359.12 (1949), and the plain language of § 359.12 clearly excludes motor vehicle offenses from the operation of the entire statute.[4]

---

[3] The majority opinion misses this point entirely. The majority argues only that it is neither absurd nor unreasonable for the legislature to create a statutory scheme permitting the double enhancement of a sentence so long as each enhancer is based on a separate and distinct prior conviction. Nowhere does it address the true absurdity resulting from its interpretation of Wis. Stat. § 939.62: double enhancement is permitted when a person commits a drug offense and then an OWI but not when a person commits the same OWI and then the same drug offense.

[4] Wisconsin Stat. § 359.12 (1949) reads, in relevant part, as follows:

Sentence of repeater: (1) Definitions. As used in this section, unless context or subject matter otherwise requires:

(a) "Repeater" means a person convicted of a crime punishable by imprisonment, (except escapes under section 346.40 or 346.45(2)), who, within 5 years prior to commission thereof, had been convicted of a felony or on 3 separate occasions during such 5-year period had been convicted of misdemeanors by any criminal court or courts of this state or of the United States or of any other state or territory of the United States, which conviction or convictions remain of record and unreversed, whether pardoned therefore or not (except on grounds of innocence) and whether or not sentence on such conviction was stayed, suspended or withheld. No time

¶ 45.   Under the 1949 version, subsection (1)(a) defines a repeater as someone convicted of "a crime punishable by imprisonment (except escapes under section 346.40 or 346.45(2))" who has either been convicted of a "felony" or three "misdemeanors" within the previous five years. Subsection (1)(b) then defines "felony" and "misdemeanor." The statute explains, "as to crimes committed in Wisconsin, 'felony' and 'misdemeanor' have the same meaning given in [the Wisconsin statutes]." For crimes committed outside of Wisconsin, a felony is a crime punishable by one year of imprisonment or more, and a misdemeanor is any other crime.

¶ 46.   Subsection (1)(b) then concludes by stating broadly that "motor vehicle offenses under ch. 85, fish and game law offenses in violation of ch. 23 or 29 or offenses against equivalent laws of other states are not to be considered *crimes* for purposes of this section."[5] Thus, reading (1)(b) back into (1)(a), the statute defines a repeater as a person convicted of a crime that is not a motor vehicle offense or fish and game law offense or escape.

---

during which such person was in actual confinement serving a criminal sentence shall be included in such 5–year period.

(b) As to crimes committed in Wisconsin, "felony" and "misdemeanor" have the meaning given in section 353.31; otherwise "felony" is any crime under the laws of the United States or any other state or territory which carries a possible penalty of imprisonment for one year or more in a state prison or penitentiary or a federal penitentiary; and "misdemeanor" is any crime under the laws of the United States or any other state or territory which does not carry a possible penalty sufficient to constitute it a felony, and includes crimes punishable only by a fine. Motor vehicle offenses under chapter 85, fish and game law offenses in violation of chapter 23 or 29 or offenses against equivalent laws of other states are not to be considered crimes for purposes of this section.

[5] Wis. Stat. § 359.12(1)(b) (1949) (emphasis added).

¶ 47. William Platz, the author of Wisconsin's criminal code, supports this reading.[6] He commented at the time that one of the features of the habitual offender law as it read in 1949 was to exclude "motor vehicle and fish-and-game laws" from "the operation of this statute."[7]

¶ 48. The parties agree that Wis. Stat. § 359.12 (1949) underwent only minor changes with the enactment of the 1955 Code. Most relevant to the case at hand, the legislative committee notes to Assembly Bill 100, enacting the criminal code, explain that "the only change" between the former subsection (1) and its counterparts in the current subsections (2) and (3) is that "under the new section fish and game law violations are considered crimes in calculating whether a person is a repeater."[8] The implication is that the status of motor vehicle offenses was to remain the same as it was in the 1949 version—excluded from the operation of the statute.

---

[6] William Platz was a Wisconsin Assistant Attorney General and the principal draftsman of the revised criminal code. This court has consistently turned to his articles and comments on revisions to the criminal code as authoritative and persuasive evidence of the legislature's intent in drafting the criminal code. *See, e.g., State v. Hopkins,* 168 Wis. 2d 802, 484 N.W.2d 549 (1992); *State v. Williquette,* 129 Wis. 2d 239, 385 N.W.2d 145 (1986); *State v. Gordon,* 111 Wis. 2d 133, 330 N.W.2d 564 (1983); *State ex rel. Gebarski v. Circuit Court for Milwaukee County,* 80 Wis. 2d 489, 259 N.W.2d 531 (1977); *State v. Hoyt,* 21 Wis. 2d 284, 128 N.W.2d 645 (1964).

[7] *See* William A. Platz, *The 1949 Revision of the Wisconsin Code of Criminal Procedure,* 1950 Wis. L. Rev. 236, 241.

[8] Wis. Legis. Council, V *Judiciary Committee Report on the Criminal Code,* at 51 (1953).

¶ 49. I conclude from the clear legislative history that the legislature did not intend to apply the penalty enhancement provisions of Wis. Stat. § 939.62(1) (1999–2000) to further increase an already enhanced penalty for a motor vehicle offense under Wis. Stat. § 346.65(2)(c) (1999–2000).

¶ 50. For the foregoing reasons, I dissent.

¶ 51. I am authorized to state that Justice ANN WALSH BRADLEY joins this dissent.