STATE of Wisconsin, Plaintiff-Respondent,

v.

Kenneth E. HOPKINS, Defendant-Appellant.

Supreme Court

*No. 91-0045-CR. Oral argument March 24, 1992.—Decided June 8, 1992.*

(Also reported in 484 N.W.2d 549.)

For the defendant-appellant there were briefs and oral argument by *Suzanne Hagopian,* assistant state public defender.

For the plaintiff-respondent the cause was argued by *Stephen W. Kleinmaier,* assistant attorney general,

with whom on the brief was *James E. Doyle,* attorney general.

WILLIAM A. BABLITCH, J. Kenneth Hopkins (Hopkins) appeals a circuit court decision upholding his sentence under sec. 939.62, Stats., the repeat offender statute. Section 939.62(2) allows an increased sentence for a defendant who was "convicted of a misdemeanor on 3 separate occasions . . ." during the five-year period immediately preceding the commission of the crime for which he is presently being sentenced. The issue before this court is the interpretation of the language "convicted of a misdemeanor on 3 separate occasions." Hopkins argues that the term "separate occasions" means the occasion or incident during which the misdemeanor was committed. He contends that two or more misdemeanor convictions that arise out of a single course of conduct are not committed on "separate occasions," and accordingly, constitute one prior conviction for purposes of the repeater statute.

The State of Wisconsin (State) argues that it is the number of convictions that is important rather than when the crimes were committed. Therefore, convictions stemming from two crimes committed during a single incident are considered two convictions.

We agree with the State's interpretation of the statute. We conclude that each conviction for a misdemeanor constitutes a separate occasion for purposes of sec. 939.62(2), Stats. The "occasion" referred to in the statute is the occasion of conviction for each of the three crimes. Thus, all that is required by the statute is that a defendant be convicted of three misdemeanors within the five-year period. Accordingly, we affirm the judgment of the circuit court.

The relevant facts are not in dispute. Hopkins was convicted of possession of a device used to break into a coin box contrary to sec. 943.125(2), Stats.[1] He was sentenced as a repeater pursuant to sec. 939.62(2) and sentenced to 24 months in prison. Without repeater status, Hopkins' sentence would have been 9 months.

Section 939.62(2), Stats., provides:

> The actor is a repeater if he was convicted of a felony during the 5-year period immediately preceding the commission of the crime for which he presently is being sentenced, or if he was convicted of a misdemeanor on 3 separate occasions during that same period, which convictions remain of record and unreversed. It is immaterial that sentence was stayed, withheld or suspended, or that he was pardoned, unless such pardon was granted on the ground of innocence. In computing the preceding 5-year period, time which the actor spent in actual confinement serving a criminal sentence shall be excluded.

Hopkins' sentence as a repeater was based upon three prior misdemeanor convictions entered in the Milwaukee County Circuit Court on December 26, 1989. Two of the misdemeanors which form the basis of this controversy, occurred on June 8, 1989. On that date, two Fox Point police officers were dispatched to the parking lot of a McDonald's restaurant on a report that two people were free-basing cocaine in a parked car. Upon approaching the car, the officers observed drug paraphernalia and ordered Hopkins and his companion out of the car. The officers found a packet of cocaine under

---

[1]Section 943.125(2), Stats., provides:

> Whoever has in personal possession any device or instrumentality intended, designed or adapted for use in breaking into any coin box, with intent to use the device or instrumentality to break into a coin box and to steal therefrom, is guilty of a Class A misdemeanor.

Hopkins' car seat. The officers arrested Hopkins and transported him to the Fox Point Police Station. At the station, Hopkins gave a false name to the police officers who had arrested him. It is unclear from the record how much time elapsed between Hopkins' arrest at the McDonald's restaurant and his giving of a false name. As a result of this incident, Hopkins was convicted of possession of cocaine and obstructing an officer.

Hopkins challenged his status as a repeater arguing that the two misdemeanors that occurred on June 8, 1989, did not occur on "separate occasions" as required by the statute. The circuit court denied Hopkins' motion challenging his status as a repeater under sec. 939.62(2), Stats. Hopkins appealed to the court of appeals. This court accepted the certification of this case for review and determination.

In the recent case of *State v. Whittrock,* 119 Wis. 2d 664, 350 N.W.2d 647 (1984), this court discussed in detail the language in sec. 939.62, Stats., at issue here: "convicted of a misdemeanor on 3 separate occasions." At issue in *Whittrock* was whether the language "convicted of a misdemeanor on 3 separate occasions" requires that the three convictions occur in three separate court appearances. We began our analysis in *Whittrock* by noting the applicable standard of review and concluding that since the term "occasion" is ambiguous we would look to the legislative intent to determine the proper construction of the statute. Specifically, we stated:

> The interpretation of a statute is a question of law, which appellate courts may review without deference to the trial court's reasoning. This court has often stated that the threshold question to be addressed by this court when construing a statute is whether the statutory term is ambiguous. A statutory term is

807

deemed ambiguous if reasonable persons could disagree as to its meaning. However, whenever a case such as this reaches the court, it naturally follows that the parties will obviously disagree as to the term's meaning. The court, then, will look to the language of the statute itself to determine whether well-informed persons should become confused as to a term's meaning.

Primary recourse is to statutory language itself. When this court looks at the language utilized in sec. 939.62(2), Stats., the statute must be interpreted on the basis of the plain meaning of its terms. Nontechnical words utilized in the statutes are to be given their ordinary and accepted meaning when not specifically defined and that meaning may be ascertained from a recognized dictionary.

. . ..

We conclude that an ambiguity exists within the statute, since the term 'occasion' may be interpreted in two different ways by well-informed persons. As we noted in *Wis. Environmental Decade v. Public Service Comm.*, 81 Wis. 2d 344, 350, 260 N.W.2d 712 (1978), when such an ambiguity is found,

'. . . it is permissible to look to the legislative intent, which is to be found in the language of the statute in relation to its scope, history, context, subject matter, and object intended to be accomplished.' *Whittrock*, 119 Wis. 2d at 669–71 (citations omitted).

After reviewing the legislative history of the statute, we held that the phrase "convicted of a misdemeanor on three separate occasions" did not require that the three convictions occur in three separate court appearances. Although we expressly left open the question presented in this case, our discussion in *Whittrock* of the legislative history and purpose behind sec. 939.62, Stats., supports the conclusion that each conviction of a misde-

meanor constitutes a separate occasion for purposes of sec. 939.62(2). This is true regardless of whether the misdemeanors were committed on separate occasions and regardless of the number of court proceedings.

In *Whittrock,* we determined that the legislative history of the statute demonstrated:

> a concern with the *quantity of crimes* rather than with the time of conviction. Whenever a misdemeanant is convicted of a fourth misdemeanor which was committed subsequent to the *convictions of three prior misdemeanors,* the defendant's sentence may be enhanced by the repeater statute. *Whittrock,* 119 Wis. 2d at 674 (emphasis added).

As the circuit court in this case noted, if the quantity of the crimes is the critical factor, then neither the time of commission nor the time of conviction is important. What is important is that the defendant has been convicted of three prior misdemeanors.

In addition, in analyzing William A. Platz's discussion of the 1949 repeater statute in his article, The 1949 Revision of the Wisconsin Code of Criminal Procedure, 1950 Wis. L. Rev. 28[2] and the 1949 committee comments, we concluded that "both Platz's comments and those of the advisory committee indicate that the revised repeater statute shifted focus away from the prior sentence and toward the *prior crime." Whittrock,* 119 Wis. 2d at 673-74. We cited the portion of Platz's article which noted,

---

[2]In *Whittrock,* we concluded that "[b]ecause of the similarity in language between sec. 359.12, Stats. 1949, and the present sec. 969.32, [sic] . . . the intent behind the 1949 change is relevant to our consideration." *Whittrock,* 119 Wis. 2d 671 (footnote omitted). Thus, we utilized Platz's article concerning the 1949 statute to ascertain the meaning of sec. 939.62.

'(1) Previous *conviction* of a felony or *three* misdemeanors determines a convict's status as a repeater, regardless of what the previous *sentence* may have been.' *Id.* at 673 (emphasis in original, citation omitted).

These sections also indicate that the repeater statute is concerned only with whether the defendant has previously been convicted of three misdemeanors; it is not concerned with whether the misdemeanors arose out of the same incident or transaction.

That the concern is with the quantity of crimes is also supported by the language of the statute. Section 939.62, Stats., does not refer to the *commission* of misdemeanors on three separate occasions; it refers to *convictions* of misdemeanors on three separate occasions.

■

Furthermore, we agree with the circuit court's opinion in this case that the only equitable way to deal with the application of the repeater statute is to deal with it in terms of the quantity of crimes, i.e., conviction of three misdemeanors during the five-year period. As the circuit court opinion notes, focusing on the time of commission of the offense opens the door to confusion and discrimination among defendants. For example, "[t]he defendant who commits multiple crimes in the course of one criminal transaction or in the course of a day receives different treatment than the individual who commits three separate crimes on three separate days." Such a disparity of treatment is unnecessary. We conclude that three convictions of misdemeanors during the five-year period satisfies the statute, regardless of when the misdemeanors were committed. This interpretation renders the application of the statute simple and equitable.

810

In support of his interpretation of the statute, Hopkins points to the portion of our opinion in *Whittrock* in which we stated that "it is not clear whether occasion refers to the time of conviction or time of the crime's commission." *Whittrock,* 119 Wis. 2d at 670. Hopkins argues that since we determined that the word "occasion" does not refer to the time of conviction, we implicitly determined that "occasion" means the incident during which the misdemeanor was committed. Thus, he argues, the repeat offender statute requires that misdemeanors be committed on separate occasions. Hopkins misunderstands our statements in *Whittrock.*

■ We expressly stated in *Whittrock* that we were not determining whether the statute requires that misdemeanors be committed on separate occasions. *Whittrock,* 119 Wis. 2d at 668. Furthermore, merely stating that it is unclear whether "occasion" refers to the time of conviction or the time of commission does not mean that it in fact refers to either. All we said conclusively in *Whittrock* was that occasion does not relate to the " 'incident' of conviction, in other words, the court appearance." *Whittrock,* 119 Wis. 2d at 670. Nothing in our opinion in *Whittrock* was meant to, nor did it, indicate that the statute requires that misdemeanors be committed on separate occasions.

Hopkins also argues that interpreting the statute to require only the convictions of three prior misdemeanors, regardless of whether they were committed in the same occurrence, would be contrary to the legislative purpose of sec. 939.62, Stats. We disagree.

■ The purpose of the repeat offender statute is to increase " 'the punishment of those persons who do not learn their lesson or profit by the lesser punishment

given for their prior violations of criminal laws.' " *Whittrock*, 119 Wis. 2d at 675 (citation omitted). The inherent purpose of a repeater statute " 'is to serve as a warning to first offenders. The infliction of more severe punishment for a repeater is based upon his persistent violation of the law after conviction for previous infractions.' " *Id.* at 675 (citation omitted).

Hopkins contends that if the statute is interpreted as requiring only the convictions of three prior misdemeanors, a defendant who commits multiple misdemeanors on one occasion will not have three separate opportunities to reflect and learn his or her lesson from each of the three prior offenses. Contrary to Hopkins' assertions, our interpretation of the statute is entirely consistent with the purposes of the repeat offender statute.

Under our interpretation of the statute "[w]henever a misdemeanant is convicted of a fourth misdemeanor which was committed subsequent to the convictions of three prior misdemeanors, the defendant's sentence may be enhanced by the repeater statute." *Whittrock,* 119 Wis. 2d at 674. As Hopkins suggests, under this interpretation of the statute a misdemeanant may not get three opportunities for reflection. However, after conviction of three misdemeanors that were committed on one occasion, a misdemeanant gets one opportunity to learn his or her lesson before committing a fourth misdemeanor. In other words, persons committing three misdemeanors on one occasion, have one more chance to learn their lessons and profit from the lesser punishment given for their prior violations of the law. Receiving at least one opportunity to reflect on prior punishment is consistent with the rehabilitative purpose of the statute.

Furthermore, rehabilitation is not the only purpose of the repeater statute. In *Whittrock* we noted that the revised repeater statute shifted the focus away from the prior sentence to the prior crime. We specifically stated that the focus of the repeater statute is on the quantity of prior crimes. Therefore, it appears that part of the purpose of the statute has nothing to do with the rehabilitative benefit of serving the sentences for the prior crimes. Rather, another purpose of the repeat offender statute is solely punitive in nature. The repeat offender statute allows a judge to give a greater punishment to individuals who have repeatedly engaged in criminal activity. Our interpretation of the statute as requiring convictions of three prior misdemeanors is consistent with this punitive aspect of the statute.

Hopkins next contends that this court is bound by his interpretation of the statute by two rules of statutory construction: (1) Statutes should be construed so that effect is given to each word; and (2) Criminal statutes should be strictly construed against the State. Hopkins' argument in regards to the first rule is that a finding that a person can be a repeater based on two or more misdemeanors arising out of a single course of conduct renders surplusage the phrase "on 3 separate occasions." Hopkins maintains that if the legislature had intended that the number of prior convictions would define a repeater, its use of the phrase "on 3 separate occasions" was unnecessary. The legislature could have merely said "convicted of 3 misdemeanors."

In regards to the second rule, Hopkins asserts that an interpretation contrary to his runs afoul of the rule that requires strict construction of penal statutes against the State. Specifically, he maintains that since the power to declare what conduct is subject to penal sanc-

813

tions is legislative rather than judicial, it would risk judicial usurpation of the legislative function for a court to enforce a penalty where the legislature had not clearly and unequivocally prescribed it.

We agree with Hopkins that these rules are well recognized rules of construction employed by this court. However, we disagree that our interpretation fails to give effect to every word in the statute. In this opinion, we have concluded that each entry of conviction against a defendant constitutes a separate occasion for purposes of the repeat offender statute. Thus, contrary to Hopkins' assertions, our interpretation of the statute gives meaning to the phrase "on 3 separate occasions."

Furthermore, in regards to the rule of strict construction of penal statutes this court has stated that "[s]ometimes a strict and sometimes a liberal construction is required, even in respect to a penal law, because the dominating purpose of all construction is to carry out the legislative purpose." *State v. Boliski* 156 Wis. 78, 81, 145 N.W. 368 (1914). The court of appeals has noted that the rule of strict construction,

> comes attended with qualifications and other rules of no less importance. For instance, the rule of strict construction does not mean that only the narrowest possible construction must be adopted in disregard of the statute's purpose. A statute should be construed to give effect to its leading idea and should be brought into harmony with its purpose. *State v. O'Neil*, 141 Wis. 2d 535, 540, 416 N.W.2d (Ct. App. 1987) (citation omitted).

Thus, in interpreting a statute, our primary goal is to effectuate the legislature's intent. Rules of construction

cannot be implemented to avoid the purpose of the statute. Our interpretation of the statute as requiring only that the defendant be convicted of three prior misdemeanors, regardless of whether the crimes were committed on separate occasions, achieves the legislative intent of sec. 939.62, Stats., of focusing on the quantity of prior crimes. Our analysis is therefore consistent with this court's rules of statutory construction.

Hopkins also argues that decisions from other jurisdictions provide overwhelming support for his position. Hopkins cites to these authorities as reasons for accepting his interpretation of the statute that convictions arising out of a single criminal episode may not be counted as separate convictions for purposes of determining repeater status under the statute. We find these authorities unpersuasive.

This court has stated that in interpreting an ambiguous statute, we may look to decisions from other jurisdictions interpreting similar statutes. *See Hainz v. Shopko Stores, Inc.,* 121 Wis. 2d 168, 173, 359 N.W.2d 397 (Ct. App. 1984). However, as noted above, this court's primary purpose in interpreting an ambiguous statute is to determine the legislative intent and the policy behind the statute. As we concluded above, the intent and purpose of the Wisconsin legislature in enacting sec. 939.62, Stats., was to focus on the defendant's prior crimes and to allow for increased penalties whenever a misdemeanant is convicted of a fourth misdemeanor which was committed subsequent to the convictions of three prior misdemeanors. The authorities cited by Hopkins are inapplicable either because of the different language employed in their statutes or because they rely on legislative policy that has not been implemented by the Wisconsin legislature.

██

For the reasons set forth above we conclude that each conviction for a misdemeanor constitutes a separate occasion for purposes of sec. 939.62(2), Stats. Thus, all that is required by the statute is that a defendant be convicted of three misdemeanors within the five-year period.

*By the Court.*—The judgment of the circuit court is affirmed.