Mr. Michael E. O'Brien District Attorney Rock County Courthouse 51 South Main Street Janesville, Wisconsin 53545
Dear Mr. O'Brien:
You have stated that your office has an open file policy that gives defendants access to all portions of your files except work product. You have asked whether section 48.981 (7)(a)1., Stats., requires that a district attorney prevent a defendant from obtaining information about the identity of a mandatory reporter in child abuse cases.
Your question can best be answered as two more specific questions. First, how do the confidentiality provisions of section 48.981 (7) operate with regard to the civil litigation proceedings specified by section 48.981 (7)(a)10.? Second, do the confidentiality provisions of section 48.981 (7) apply when criminal prosecutions are commenced in cases referred to the district attorney pursuant to section 48.981 (3)(b)3.? My opinion is that the provisions of section 48.981 (7) do not require that either the report or the identity of the reporter remain confidential when either of these types of proceedings are pending and, therefore, the district attorney is not required to conceal information that would identify the reporter or otherwise keep the information in the report confidential in these circumstances. Moreover, in some cases the law may require disclosure of the reporter's identity if the child is to be a witness in a court proceeding and the child has given a statement to the reporter about the incident which causes the reporter to act. See sec. 971.24, Stats. However, it is also my opinion that a district attorney or corporation counsel will further the policies embodied in section48.981 (7) if the district attorney or corporation counsel *Page 67 
protects the identity of a reporter whenever that can be done without impairing either the district attorney's ability to present the state's case or the constitutional or statutory duty to disclose evidence.
The language of the relevant statutory sections and the common rules of statutory construction support these conclusions.
Section 48.981 (7) provides in pertinent part:
 CONFIDENTIALITY. (a) All reports made under this section . . . shall be confidential. Reports and records may be disclosed only to the following persons:
 1. The subject of a report, except that the person or agency maintaining the record or report may not disclose any information that would identify the reporter.
. . . .
 8. A law enforcement officer or agency for purposes of investigation or prosecution.
. . . .
 10. A court conducting proceedings relating to a petition under s. 48.13 or a court conducting dispositional proceedings under subch. VI in which abuse or neglect of the child . . . is the subject of the report or record is an issue.
. . . .
 11. The county corporation counsel or district attorney representing the interests of the public in proceedings under subd. 10.
. . . .
 (e) A person to whom a report or record is disclosed under this subsection may not further disclose it, except to the persons and for the purposes specified in this section.
Initially, I note that the confidentiality provisions of section48.981 (7) apply to the entire report, not just to the identity of the reporter or of the mandatory reporter. The exceptions enumerated *Page 68 
in section 48.981 (7) arguably cover the gamut of civil and criminal investigative activities and civil court proceedings. Read in pari materia, they require that the entire report be treated as confidential by a district attorney or corporation counsel unless the district attorney or corporation counsel is representing the public interests in a CHIPS proceeding under section 48.13 or a dispositional proceeding under subchapter VI in which abuse or neglect of the child who is the subject of the report or record is at issue. Where the district attorney or corporation counsel is representing the public interest in one of the proceedings specified in section 48.981 (7)(a)10., all of the information in the report can be revealed to the court. The plain language of section 48.981 (7)(a)10. says this. See State v. Hopkins,168 Wis.2d 802, 814, 484 N.W.2d 549 (1992). It follows naturally that this same information will be given to all of the parties to the action in the course of the court proceedings or before the proceedings as discovery.
Although section 48.981 (7) refers to law enforcement, prosecution and the district attorney in various subsections, it does not directly address the issue of the release of the case report to the district attorney for criminal prosecution. That action is governed by section 48.981 (3)(b)3. which provides: "[i]f the police or other law enforcement officials determine that criminal action is necessary, they shall refer the case to the district attorney for criminal prosecution."
Section 48.981 (3)(b)3. does not restrict the district attorney's use of the case information in any way. Obviously, the district attorney could not bring criminal charges unless the statutes exempted this activity from the confidentiality requirements in section 48.981 (7) because all criminal prosecutions are public record. The statutes must be construed to avoid absurd results.State v. Wilks, 165 Wis.2d 102, 111, 477 N.W.2d 632 (Ct.App. 1991). The argument that the Legislature intended to tie the hands of the prosecution by forcing them to prosecute without using all of the evidence is absurd. Further, the limiting language *Page 69 
in section 48.981 (7)(e) makes it clear that the confidentiality provisions of section 48.981 (7) do not apply to a case revealed to the district attorney pursuant to section 48.981 (3)(b)3. Section 48.981 (7)(e) provides: "[a] person to whom a report or record is disclosed under thissubsection may not further disclose it, except to the persons and for the purposes specified in this section." Thus, I conclude that in criminal cases as in civil cases the district attorney litigating a child abuse case is not required to keep information in the investigative file confidential.
When a district attorney or corporation counsel finds that the information received from the reporter is both unnecessary to the effective presentation of the case and not exculpatory, he or she should further the policy in chapter 48 of encouraging reporting by protecting the reporter's identity. I would encourage a district attorney to adopt a practice that conceals the identity of the reporter, using any procedure that has proven effective in the past, whenever this does not undermine the district attorney's ability to carry out the previously described overriding statutory and constitutional duties. However, it is my opinion that such action is discretionary. See State ex rel.Richards v. Foust, 165 Wis.2d 429, 477 N.W.2d 608 (1991) (public records law does not provide access to prosecutor's files).
Your question also referred to the duty of law enforcement agencies. The language of section 48.981 (7) applies to law enforcement agencies with regard to their handling of child abuse reports. If they reveal the information in the reports to any of the persons or agencies listed in section 48.981(7), they must conceal the identity of the reporter wherever the statute requires this, as when the report is given to a subject under section 48.981 (7)(a)1. It is only when the report is revealed pursuant to section 48.981 (3)(b)3. that the law enforcement agencies are relieved of the confidentiality provisions of section 48.981 (7).
Sincerely,
 James E. Doyle Attorney General *Page 70